IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION
_____

| | |
|---|---|
| FRANK L. SINDAR, | ) **MEMORANDUM DECISION** |
| | ) |
| Petitioner, | ) |
| | ) Case No. 2:08-CV-133 DAK |
| v. | ) |
| | ) |
| STEVEN TURLEY et al., | ) District Judge Dale A. Kimball |
| | ) |
| Respondents. | ) Magistrate Judge Paul Warner |

_____

The habeas petitioner in this case has filed his petition past the applicable period of limitation.[1] And, none of his arguments for equitable tolling are valid.[2] In fact, several of Petitioner's arguments--e.g., those related to inadequate medical

---

[1] *See* 28 U.S.C.S. § 2244(d) (2008).

[2] *See Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)); *Lovato v. Suthers*, No. 02-1132, 2002 U.S. App. LEXIS 14371, at *4-6 (10th Cir. July 15, 2002) (unpublished); *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997); *see also* 28 U.S.C.S. § 2254(i) (2008) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (stating it is well settled that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing'" (citation omitted)); *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) ("'There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.'" (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted))); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.").

care and legal access--would be better addressed in a civil rights complaint.[3]

Alternatively, Petitioner's claims were not exhausted in the state courts and would be procedurally defaulted at this point; this makes them ineligible for consideration in this Court.[4]

IT IS THEREFORE ORDERED that this habeas petition is DENIED. Accordingly, the pending motion to amend/correct petition for writ of habeas corpus and motion for extension of time are MOOT.

DATED this 6th day of March, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[3] *See* 42 U.S.C.S. § 1983 (2008).

[4] *See* 28 U.S.C.S. § 2254(b), (c); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)); *Knapp v. Henderson*, No. 97-1188, 1998 U.S. App. LEXIS 28232, at *5-10 (10th Cir. Nov. 9, 1998); *see also* Utah Code Ann. § 78B-9-106(1) (2008) (containing Utah's Post-Conviction Remedies Act, which states, "A person is not eligible for relief under this chapter upon any ground that . . . (c) could have been but was not raised at trial or on appeal; (d) . . . could have been, but was not, raised in a previous request for post-conviction relief; or (e) is barred by the [one-year] limitation period . . . .").